■ ELECTRO SPEC-PLATING CORP. et al., Appellants, v. LOTTE CHEMICAL CORPORATION, Respondent.— In a negligence action to recover damages for injury to person and property, plaintiffs appeal from an order of the Supreme Court, Queens County, entered May 19, 1965, which granted defendant's motion to dismiss the complaint on the ground that the court does not have jurisdiction of the person of defendant (CPLR 3211, subd. [a], par. 8). Order affirmed, without costs (*Feathers* v. *McLucas,* 15 N Y 2d 443, 460–463; *Singer* v. *Walker,* 15 N Y 2d 443, 464–466). Ughetta, Brennan, Hopkins and Benjamin, JJ., concur; Beldock, P. J., dissents and votes to reverse the order and deny the motion, with the following memorandum: A court may exercise personal jurisdiction over any nondomiciliary, in the same manner as if he were a domicilary, as to a cause of action arising from his commission of a tortious act within this State (CPLR 302, subd. [a], par. 2). On October 12, 1964, the corporate plaintiff purchased from defendant, a New Jersey corporation, two drums of hydrochloric acid. The drums were prepared and packed by defendant and delivered by defendant to the corporate plaintiff in Queens County, where the drums exploded, allegedly because of (a) improper packing in drums not fit for that use and (b) insufficient stopper or cap. Since the acid was continuously in defendant's control until its delivery in this State, the tortious act of improper casing and packing and using an insufficient stopper was committed in New York. In *Feathers* v. *McLucas* (15 N Y 2d 443), relied on by the majority, the material was delivered in New York, not by defendant Kansas corporation, but by a third party vendee of that corporation.